Carol BROWN, an individual,
Plaintiff–Appellant,

v.

BAKER HUGHES INC.,
Defendant–Appellee.

No. 06–16180.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2008 *.

Filed March 18, 2008.

Dan Heck, Neil Pedersen, Esq., Pedersen Law & Dispute Resolution, Irvine, CA, for Plaintiff–Appellant.

Yuliya I. Laroe, Esq., Todd Hunt, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: NOONAN, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM **

The district court upheld the denial, based on an endorsement excluding accidents involving intoxication, of Carol Brown's insurance claim against Baker Hughes arising out of the death of her life companion, Milton Hunt, in a single-vehicle drunk driving accident. Brown now appeals that decision.

The benefit plan at issue here gave discretion to Baker Hughes to "determine eligibility for benefits" and "to construe the terms of the plan," and we therefore review Baker Hughes' decision to deny Brown's claim for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Brown's allegation of a conflict

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of interest does not alter this standard of review, especially because she has presented no evidence of an actual, rather than a formal, conflict. *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 967–68 (9th Cir. 2006) (en banc). Neither has Brown pointed to any procedural violations by Baker Hughes or its agents "so flagrant as to alter the substantive relationship between the employer and employee," and thus necessitating *de novo* review. *Id.* at 971 (quoting *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005)).

The parties dispute the relevance of the Summary Plan Description, which Brown denies she or Hunt ever received. We need not decide this issue, because, even without the summary, Baker Hughes did not abuse its discretion by finding the intoxication exclusion was "clear, plain, and conspicuous enough to negate [a layman's] objectively reasonable expectations of coverage," and that it was therefore enforceable. *Cf. Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 387 (9th Cir. 1994). The exclusion was set forth in bold and italic type in an endorsement on a separate page; the language of the main policy made clear that the endorsements modified and were included as part of the policy, and the endorsement did not conflict with any other aspect of the policy.

AFFIRMED.